IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | | |
|---|---|---|
| IN RE: KEITHALON H. JONES | ) | CHAPTER 7 CASE |
| | ) | NUMBER <u>08-20314</u> |
| Debtor | ) | |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before me on the motion to excuse the failure of Debtor Keithalon H. Jones to comply with the pre-filing budget and credit counseling requirement of 11 U.S.C. § 109(h) ("Motion"). The Motion is denied, and the case is dismissed because Jones is not eligible to be a debtor under the Bankruptcy Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").[1]

### BACKGROUND

On April 1, 2008, Jones filed both a chapter 7 bankruptcy petition and a Certificate of Debtor Education certifying that approximately six weeks earlier, Jones had completed "an instructional course concerning personal financial

---

[1] BAPCPA applies in cases filed after October 17, 2005. See BAPCPA, Pub. L. No. 109-8, 119 Stat. 23, § 1501 (2005).

management" (Dkt. # 3). A debtor is required to complete a course in personal financial management post-petition as a condition of discharge under chapter 7. 11 U.S.C. § 727(a)(11). Pre-petition, a debtor is required to meet a different requirement--to complete a briefing that outlines available credit counseling opportunities and that helps the debtor perform a related budget analysis. 11 U.S.C. § 109(h)(1).

The Clerk's office issued a deficiency notice requiring Jones to file a certificate of pre-petition credit counseling ("Certificate of Counseling"), and Jones subsequently filed the Certificate of Counseling. However, the certificate showed that Jones received credit counseling on April 11, 2008--ten days after Jones filed his bankruptcy petition.

On April 17, 2008, Jones filed the present Motion, which included a signed Verification. The Motion requests that "the Court will hold that the mistake in the late filing of [Jones's] Certificate of Counseling was excusable error." (Mot. Final Unnumbered Paragraph.) Attached to the Motion was an affidavit by a paralegal employed by the lawyer representing Jones in this bankruptcy case ("Affidavit").

The gist of the Motion as supported by the Affidavit was that the paralegal filed the wrong certificate at the

AO 72A
(Rev. 8/82)

2

inception of the case. The Certificate of Debtor Education was in a file in the lawyer's office on the date the present case was filed.[2] The paralegal mistook the Certificate of Debtor Education for a Certificate of Counseling and filed the Certificate of Debtor Education with the chapter 7 petition. The lawyer realized the mistake when the Clerk's office issued the deficiency notice, and he contacted Jones, who completed the required credit counseling in the lawyer's office.

## DISCUSSION

Under BAPCPA, "an individual may not be a debtor" unless that individual has received a briefing on opportunities for credit counseling and help with a related budget analysis from an approved nonprofit budget and credit counseling agency during the 180 days preceding the filing of the bankruptcy case. 11 U.S.C. § 109(h)(1). As I have previously ruled, compliance with § 109(h)(1) is thus a condition of eligibility to be an individual debtor under Title 11. In re Clay, No. 05-13977 (Bankr. S.D. Ga. Nov. 9, 2005). The credit counseling required

---

[2] Neither the Motion nor the Affidavit explains why Jones had already completed the post-petition requirement of a course in personal financial management before his present case had even been filed. The reasonable explanation is that the Certificate of Debtor Education was associated with (but not filed in) Jones's previous chapter 13 case that had been dismissed approximately three weeks earlier. See In re Keithalon H. Jones, No. 06-20177 (Bankr. S.D. Ga. filed Mar. 30, 2006; dismissed Mar. 10, 2008).

pre-petition under § 109(h)(1) is not interchangeable with the "instructional course concerning personal financial management" required post-petition as a condition of discharge under § 727(a)(11). In re Granda, No. 05-90038, 2005 WL 3348878, at *1 (Bankr. W.D. Pa. Dec. 6, 2005).

The court may grant a 30-day waiver of the credit counseling requirement if the debtor certifies that the debtor was unable to obtain the pre-petition counseling due to exigent circumstances; and that the debtor requested credit counseling, but was unable to obtain it within five days of the request. 11 U.S.C. § 109(h)(3)(A)-(B). The certification must

> (i) describe[] exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) state[] that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>
> (iii) [be] satisfactory to the court.

11 U.S.C. § 109(h)(3)(A)(i)-(iii).

The Motion verified by Jones is a "certification" within the meaning of § 109(h)(3)(A). See In re Cleaver, 333 B.R. 430, 434 (Bankr. S.D. Ohio 2005) ("[A] certification is, at a

minimum, a written statement that the signer affirms or attests to be true."). Jones's certification, however, does not meet the statutory standard that would support a finding of exigent circumstances meriting a temporary waiver of the pre-petition credit counseling requirement.

First, neither the Motion nor the Affidavit describes any exigent circumstances. Although the Code does not define "exigent circumstances," the term as used in § 109(h)(3)(A)(i) "appears to refer to the circumstances preventing the [debtor] from obtaining the required budget and credit counseling and the certificate confirming same." In re Valdez, 335 B.R. 801, 803 (Bankr. S.D. Fla. 2005).

Here, the Motion and the Affidavit address only the filing errors—-the filing of the Certificate of Debtor Education with the petition and the post-petition filing of the Certificate of Counseling. Neither the Motion nor the Affidavit recites circumstances that prevented Jones from obtaining pre-petition credit counseling. This omission is underscored by the Motion's final unnumbered paragraph that refers to "the mistake in the late filing," rather than the issue to which the Motion should properly have been directed, that is, Jones's failure to timely receive credit counseling.

Second, neither the Motion nor the Affidavit states that Jones requested credit counseling, but was unable to obtain credit counseling within five days of his request. Again, both the Motion and the Affidavit focus on the filing errors instead of on whether Jones attempted to obtain credit counseling before the filing of his petition.

Jones's certification thus fails to meet the statutory requirements for waiver under § 109(h)(3)(A). Accordingly, no waiver is available of the pre-petition credit counseling requirement of § 109(h)(1). Further, because an individual may not be a debtor without complying with § 109(h)(1), Jones is not eligible to be a debtor under chapter 7 and his case must be dismissed.

It is therefore **ORDERED** that the Motion to Consider Exigent Circumstances is **DENIED**; and

**FURTHER ORDERED** that the chapter 7 case of Keithalon H. Jones is **DISMISSED**.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia, this 28th day of April, 2008.